UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY DEVIN O'BRYAN,

    Petitioner,

v.                                                    Case No. 08-12738
                                                    Honorable John Corbett O'Meara

LOUIS C. EICHENLAUB,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Kerry Devin O'Bryan, a federal prisoner at the Federal Correctional Institution (FCI) in Milan, Michigan, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was convicted of (1) one count of manufacturing counterfeit currency, 18 U.S.C. § 471, (2) one count of passing counterfeit currency, 18 U.S.C. § 471, (3) two counts of bank robbery, 18 U.S.C. § 2113(a), and, (4) two counts of possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). On December 18, 1998, Petitioner was sentenced by the United States District Court for the District of Kansas, Wichita Division, to a 351-month term of imprisonment and three years of supervised release. (*See* Judgment in a Criminal Case Document, attached to Petitioner's Petition.) Petitioner's convictions and sentences were affirmed on appeal. *United States v. O'Bryan*, No. 99-3017, 2000 WL1761057 (10th Cir. Nov. 29, 2000).

In his pleadings, Petitioner challenges his convictions on the ground that he was not competent to stand trial; Petitioner contends that he was denied his constitutional right to a fair trial because he should have been afforded an evaluation by a neutral psychologist or psychiatrist

and that the court had a duty to order a competency hearing. For the reasons set forth below, the Court denies the petition.

## I. Background

In 2002, Petitioner filed a motion under 28 U.S.C. § 2255 in which he argued that (1) the government failed to prove that the bank robbed in count seven was FDIC-insured; thus, the court lacked jurisdiction over his case, and, because the court lacked jurisdiction, he could not be convicted of the firearm offense in count eight, (2) the court was without jurisdiction to impose sentence on counts one, three, five, seven, and eight of the indictment, and (3) his trial counsel was ineffective on counts six and eight, for failing to file for a dismissal on the basis of selective prosecution. The Tenth Circuit denied Petitioner's motion thereby dismissing his appeal. *United States v. O'Bryan*, 55 Fed.Appx. 891 (10th Cir. 2003).

Subsequently, on March 31, 2006, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan, Southern Division, under 28 U.S.C. § 2241, claiming that the Bureau of Prisons' work program violated the Thirteenth Amendment's prohibition against involuntary servitude. That court dismissed Petitioner's petition for failure to state a claim. *O'Bryan v. Marberry*, No. 06-11561 (E.D. Mich. April 13, 2006) (Edmunds, J.).

Then, on May 18, 2006, Petitioner filed a civil-rights action, alleging that, on multiple occasions, his legal mail was opened, outside his presence, by unknown agents at the Federal Bureau of Prisons. The case was dismissed pursuant to the "three strikes" provision of the Prison

Litigation Reform Act (PLRA).  *O'Bryan v. Multiple Unknown Agents of the Federal Bureau of Prisons*, No. 06-12253 (E.D. Mich. Jan. 16, 2008) (Hood, J.).

Petitioner filed the pending petition for writ of habeas corpus on June 26, 2008.

## II.  Discussion

### A.  Claim under § 2241

In this case, the question is whether Petitioner's claim is properly brought under § 2241. If a federal prisoner seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credit, he may do so by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court having jurisdiction over his case.  *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).  Section 2241 is also the proper remedy for challenging the execution or manner in which a sentence is served, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001), and execution of a sentence includes challenges to the place of imprisonment, *see Jalili*, 925 F.2d at 893, and prison transfers, *Jiminian v. Hash*, 245 F.3d 144, 146 (2d Cir. 2001).  Whereas, section 2255 is used to challenge the validity of the sentence itself. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1991) (citing *Jalili*, 925 F.2d at 893).  Under highly exceptional circumstances, a federal prisoner may challenge his conviction and sentence under § 2241, instead of  § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  Section 2255(e) states in pertinent part:

> (e) An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention.

28 U.S.C. § 2255. The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003). A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255 because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman*, 249 F.3d at 461.

Here, Petitioner argues that because § 2255 imposes a one-year statute of limitations on filing claims with the sentencing court and thus bars him from filing a second or successive § 2255, he could not have been expected to raise the issue of his incompetence and/or insanity when he was possibly incompetent and not represented by counsel on appeal or during his original § 2255 proceedings. This argument fails to satisfy the "rigorous showing" required to establish that § 2255 is inadequate or ineffective. *Perez*, 319 F.3d at 804. Furthermore, the Court finds that Petitioner cites no case law to support his proposition.

Rather, the Court finds that Petitioner is doing nothing more than attempting to circumvent the requirements of 28 U.S.C. § 2255, arguing that he should be permitted to maintain his action under 28 U.S.C. § 2241, pursuant to the "savings clause" contained in 28 U.S.C. § 2255. Thus, the Court finds that Petitioner's claim, challenging his conviction, is not properly before the Court under § 2241.

The Court recognizes that § 2255's "savings clause" permits a petitioner to file a habeas corpus petition challenging his conviction pursuant to § 2241 rather than § 2255 in limited circumstances: Section 2255's savings clause may make § 2241 relief available where a

petitioner asserts a credible claim of actual innocence, *id.*, but Petitioner makes no such claim here.

The Sixth Circuit has now ruled that a valid claim of actual innocence satisfies the savings clause; actual innocence is required. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Petitioner's argument here is not based on a claim of actual innocence of the bank robbery, counterfeiting, and firearm offense. Rather, Petitioner argues that he may have been incompetent to stand trial despite the fact that he received a court-ordered competency examination by Dr. Ralph Ihle, a forensic psychologist at the Metropolitan Detention Center in Los Angeles, California. (*See* Petitioner's Brief, pp. 4-5.) Because Petitioner has "not shown an intervening change in the law that established . . . actual innocence," the savings clause provision does not apply. *Peterman*, 249 F.3d at 462.

Against that backdrop, this Court finds that Petitioner's habeas petition is essentially an attempt to circumvent the requirements of 28 U.S.C. § 2255 and therefore will deny the petition. Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241, because the petition is not properly filed under § 2241.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

                                                                      s/John Corbett O'Meara
                                                                      United States District Judge

Date: September 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 18, 2008, by electronic and/or ordinary mail.

                                                                      s/William Barkholz
                                                                       Case Manager