UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY DEVIN O'BRYAN,

    Petitioner,

v.   Case No. 08-12738
    Honorable John Corbett O'Meara

LOUIS C. EICHENLAUB,

    Respondent.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR BOND HEARING AND
RELEASE PENDING RESOLUTION OF § 2241 PETITION**

On June 26, 2008, Petitioner Kerry Devin O'Bryan, a federal prisoner at the Federal Correctional Institution (FCI) in Milan, Michigan, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. # 1.) Petitioner was convicted of (1) one count of manufacturing counterfeit currency, 18 U.S.C. § 471, (2) one count of passing counterfeit currency, 18 U.S.C. § 471, (3) two counts of bank robbery, 18 U.S.C. § 2113(a), and, (4) two counts of possession of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). In his pleadings, Petitioner challenged his convictions on the ground that he was not competent to stand trial; Petitioner argued that he was denied his constitutional right to a fair trial because he should have been afforded an evaluation by a neutral psychologist or psychiatrist and that the court had a duty to order a competency hearing. On September 18, 2008, the Court denied Petitioner's petition; the Court found that Petitioner's claim, challenging his convictions, was not properly before the Court under § 2241. (Dkt. # 5.)

Before the Court now is Petitioner's "Motion for Bond Hearing and Release Pending Resolution of § 2241 Petition." (Dkt. # 8.) For the reasons set forth below, the Court denies Petitioner's motion, finding the motion moot.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F. 2d at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F. 2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances.

Here, because the Court found that Petitioner did not have a substantial claim of law, Petitioner's petition was denied and, because the Court already ruled on Petitioner's petition, Petitioner's motion is moot. The Court therefore denies Petitioner's motion as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Bond Hearing and Release Pending Resolution of § 2241 Petition" is **DENIED**. (Dkt. # 8.) The Court has already ruled on Petitioner's petition for writ of habeas corpus–denying the petition. Therefore, Petitioner's motion is moot.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: September 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 24, 2008, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager